[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 4, 2007
THOMAS K. KAHN
CLERK

No. 06-12877
Non-Argument Calendar

_____

Agency Nos. A95-905-082
A95-905-083

LUIS EDUARDO MALDONADO,
MARIA ALEJANDRA MALDONADO,
MARTHA LUCIA GONZALEZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(January 4, 2007)**

Before TJOFLAT, ANDERSON and BARKETT, Circuit Judges.

PER CURIAM:

The question we must decide in this petition for review is whether

substantial evidence supports the finding of the Immigration Judge (IJ) and the Board of Immigration Appeals (BIA) that Petitioners – all nationals and citizens of Colombia, S.A. – did not qualify for asylum, withholding of removal under the Immigration and Naturalization Act (INA), and relief under the U.S. Convention Against Torture (CAT).

In support of their applications for asylum, withholding of removal and CAT relief, Petitioners explained that  Revolutionary Armed Forces of Colombia ("FARC") guerillas had demanded that Petitioner Luis Maldonado assist in their fund raising efforts by handing over confidential financial data belonging to clients of the bank at which he worked.  Petitioners claimed that, because of Luis's refusal to comply with this demand, they suffered repeated phone calls, an attempted kidnaping, and an attempted shooting, and would continue to suffer such persecution if returned to Columbia.  Petitioners contended that such persecution was on account of Luis's imputed political opinion, namely opposition of the FARC as demonstrated by his refusing to cooperate with them, and Luis's membership in a particular social group, namely persons singled out by the FARC for recruitment in raising funds.

Where, as here, the BIA expressly adopts the IJ's decision, we essentially review the IJ's decision.  Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 956

(11th Cir. 2005). Specifically, we apply the "highly deferential" substantial evidence test, under which we "must affirm the [IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (quotation omitted). To reverse, "we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

An alien who arrives in or is present in the United States may apply for asylum, withholding of removal, and CAT relief. INA §§ 208(a)(1), 241, 8 U.S.C. §§ 1158(a)(1), 1231(b)(3)(A), 8 C.F.R. 208.16(c). To qualify for asylum, the alien must prove that he is a refugee. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (citing 8 U.S.C. § 1101(a)(42)(A)). A refugee is defined in the INA as:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). To establish refugee status, the alien must establish, through specific, detailed facts, (1) his past persecution on account of a protected ground, or (2) his "well-founded fear" that he will be persecuted in the future because of a protected ground. 8 C.F.R. § 208.13(a), (b);

3

see Al Najjar, 257 F.3d at 1287. As to establishing persecution, "evidence that either is consistent with acts of private violence or the petitioner's failure to cooperate with guerillas" or which "merely shows that a person has been the victim of criminal activity, does not constitute evidence of persecution." Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1258 (11th Cir. 2006). Likewise, as to claims based on a political opinion or an imputed political opinion, "[i]t is not enough to show that [the alien] was or will be persecuted or tortured due to [the alien's] refusal to cooperate with the guerillas." Sanchez v. U.S. Att'y Gen., 392 F.3d 434, 438 (11th Cir. 2004). Moreover, as to claims based on membership in a particular social group, "[t]he risk of persecution alone does not create a particular social group within the meaning of the INA." Castillo-Arias v. U.S. Att'y Gen., 446 F.3d 1190, 1196 (11th Cir. 2006).

To qualify for withholding of removal, the alien similarly must show that it is more likely than not that his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. Mendoza, 327 F.3d at 1287 (citing 8 U.S.C. § 1231(b)(3)(A)). Likewise, to qualify for CAT relief, the alien must prove that it is more likely than not that he would be tortured by, or with the consent or acquiescence of, a public official or person acting in an official capacity upon return to his country. Al Najjar, 257

F.3d at 1303; 8 C.F.R. § 208.18(a). Because the more-likely-than-not standard that applies to withholding of removal and CAT claims is more stringent than the well-founded-fear standard that applies to asylum claims, ineligibility for asylum generally precludes withholding of removal and CAT relief eligibility. Al Najjar, 257 F.3d at 1292-93, 1303-04.

After careful review of the record, we find that reversal of the removal order before us is not compelled. See Mendoza, 327 F.3d at 1287. Because the FARC's actions against Luis stemmed from an attempt at criminal extortion, these actions were sufficiently consistent with "acts of private violence" or "criminal activity" such that they do not constitute persecution. See Ruiz, 440 F.3d at 1258. Likewise, Luis's refusal to cooperate with the FARC's demands does not constitute a political opinion or an imputed political opinion. See Sanchez, 392 F.3d at 438. Moreover, if those people "at risk of persecution" are not a social group, then those people "at risk of recruitment," are not either. See Castillo-Arias, 446 F.3d at 1198. Finally, since Petitioners failed to meet their burden of demonstrating asylum eligibility, they are precluded from obtaining withholding of removal and CAT relief, as these forms of relief require a higher standard of proof. See Al Najjar, 257 F.3d at 1292-93, 1303-04.

In fine, as substantial evidence supports the findings that Petitioners did not

establish persecution or the required nexus between the FARC's actions and an enumerated asylum ground, the petition for review must be denied.

PETITION DENIED.